UNITED STATES of America
v.
THE M. V. ATLANTIC REEFER
and John Doe.
No. 15333.

United States Court of Appeals
Fifth Circuit.
May 4, 1955.

James L. Guilmartin, U. S. Atty., E. David Rosen and Anthony S. Battaglia, Asst. U. S. Attys., Miami, Fla., Laughlin E. Waters, U. S. Atty., for the S. Dist. of Cal., Los Angeles, Cal., Louis L. Abbott, Harry D. Steward, Los Angeles, Cal., Howard R. Harris, Los Angeles, Cal., for appellant.

Richard H. Hunt, Miami, Fla., for appellee.

Before HUTCHESON, Chief Judge, and TUTTLE and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

This is an appeal from an order of the district judge quashing a search warrant issued by a United States Commissioner to seize property already in the custody of the United States District Court for the Southern District of Florida in a proceeding in rem Maritime Case No. 1211-M-Admiralty, and ordering the seized property returned to the custody of the marshal from whom it was taken.

In support of its appeal, the United States is here urging upon us: that the search warrant was properly issued pursuant to Rule 41, Federal Rules of Criminal Procedure, 18 U.S.C.A.; that the property was subject to seizure thereunder; and that the motion to quash was erroneously sustained.

While the record is made quite voluminous by the inclusion in it of proceedings and depositions in the admiralty case, an inclusion of which the government, in a special motion, complains as unduly burdening the record and equally unduly increasing the expense of printing, the matters disclosed by it may be briefly summarized.[1]

I. Chronologically stated, these are:

(1) On Sept. 9, 1954, a libel for maritime trover and conversion of certain personal property was filed against M.V. Atlantic Reefer, alleging that Elizabeth Cradick, as Administratrix, was the record owner of a certain marine vessel, the Maria Ines, a sister ship to the Respondent, Reefer; that during the month of March, 1954, the crew of the Reefer, acting pursuant to the orders and directions of its owners and officers unlawfully and without the consent of libelant, entered upon the Maria Ines while she was moored in the harbor at San Diego and stripped therefrom various and sundry pieces and parts of her engines, tackle, apparel, etc., and removed same to, and installed them upon, the Reefer as a part of its engines, tackle, etc., and that libelants are entitled to the immediate possession of all of the said items.

(2) On Sept. 11th, depositions of four ships officers were taken, wherein each freely admitted that certain equipment then aboard had previously been aboard the sister ship, Maria Ines, and that the articles were placed aboard her under orders of either the owners or officers of the Reefer.

(3) On Sept. 14th, a claim was filed by the Refrigerated Transport Co., as owner of the Reefer, and a motion to fix release bond; and on the same day one Neumiller, as agent for libelants, moved for, and obtained, an order to search the Reefer.

(4) On Sept. 15th an order was entered giving him a further period of twenty hours for his inspection; and on the same day Neumiller executed before the commissioner an affidavit for a search warrant upon allegations that he has reason to believe that certain goods, "believed to have been stolen or unlawfully converted, are concealed in violation of Sec. 2314, Title 18, and are now being concealed on the M.V.Atlantic Reefer, and that the facts tending to establish the foregoing grounds" are that he, Neumiller, had under an order in the United States District Court entered upon the Reefer for the purpose of searching and itemizing certain equipment and did identify same as property of the Maria Ines and has reason to be-

The matters then coming on to be heard on the basis of this record and being fully heard, the district judge found that the warrant had been improvidently issued and without probable cause, and ordered it quashed.

We agree that this is so. All that can be made of the resort to the search warrant procedure under the record in this case is that, in aid of the private controversy over the ownership of equipment and property of two sister ships, at one time at least under the same ownership, in the course of which controversy a libel in rem had been filed and the ship and its contents had been taken into custody by the marshal of the Southern District of Florida, the libelant enlisted the interest of law enforcement officers and obtained the aid of criminal processes not ordinarily useable in, or having any relation to, a mere civil controversy. In short, no adequate showing was made in support of the issuance of the warrant upon the affidavit of the agent for libelant, and upon the depositions in the record it appears that it is likely that none can be made of a felonious taking of the property or of any violation of the invoked federal statute.

In these circumstances, not only was the warrant issued illegally because issued without probable cause, but it was an abuse of process to issue it to seize, and to seize, property already in custodia legis. The claimant of the vessel had offered, was able to, and did arrange bond to fully protect and answer for any civil liability established in the suit so that there was no occasion to seize the property to prevent loss or damage to the libelant. In addition, Neumiller, libelant's agent, acting under the order of the court, in whose custody the property was,

authorizing him to inspect the ship, had obtained full knowledge and information that the property was on the ship, and of what it consisted, and in any proceeding, either civil or criminal, he was and would continue to be in a position to fully identify and describe it.

The order of the district judge quashing the warrant is, therefore, affirmed; and the property is ordered returned to the custody of the marshal in the civil libel suit under such directions as the district court may deem necessary and wise for the protection of the rights of the civil claimant and, if a sufficient showing is made that a criminal proceeding has been or will be filed, for use in evidence in such criminal proceeding of the property or photostats or other replica or identification thereof.

Affirmed with directions.

lieve said items observed had been stolen or unlawfully converted.

(5) On Sept. 16th, the search warrant was returned reporting that some 23 items of ships tools and equipment were removed from the ship and the custody of the marshal under the search warrant.

(6) On Sept. 17th, a motion to suppress and return was filed by the claimant owner on many grounds, including

lack of probable cause; that the property was already in custodia legis in the admiralty proceeding, and that there was no basis for the issuance of a criminal warrant nor for the claim that the goods were then and their either concealed or had been stolen or otherwise possessed in violation of the criminal laws.